# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: B.W.**

**No. 14-0416** (Mercer County 12-JA-20)

**FILED**

September 22, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father, by counsel Gerald R. Linkous, appealed the April 7, 2014, order of the Circuit Court of Mercer County that terminated his parental rights to three-year-old B.W. The guardian ad litem for the child, Catherine Bond Wallace, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its counsel S.L. Evans, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in terminating his parental rights when less restrictive alternatives were available.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2012, the DHHR filed an abuse and neglect petition against petitioner that alleged (1) he failed to provide for the child's physical, financial, and emotional needs due to his substance abuse and (2) he had his parental rights terminated to other children in 2011. At the adjudicatory hearing in August of 2012, petitioner stipulated to neglecting his child as a result of substance abuse issues. The circuit court granted petitioner an improvement period with directions to maintain sobriety, to keep scheduled appointments, and to consistently visit with his child. During a series of improvement period extensions, petitioner participated in a substance abuse rehabilitation program. In October of 2013, however, petitioner relapsed, drove under the influence of drugs, and wrecked his vehicle after falling asleep at the wheel and hitting a tree. Petitioner's wife, whose injuries required hospitalization, and B.W. were also in the car. Petitioner was thereafter charged with reckless driving and driving under the influence.

At the dispositional hearing in March of 2014, petitioner testified that on the evening of the car accident he "had been driving occasionally, not getting caught so [he] figured [he]'d drive." Petitioner testified about another occasion in which he took three Lortabs with alcohol. In that instance, his neighbors found him passed out in the front yard and called the police. He thereafter awoke in a hospital. Petitioner also testified that he was currently receiving treatment at a suboxone clinic once a week.

The circuit court ultimately terminated petitioner's parental, custodial, and guardianship rights to B.W. The circuit court found that petitioner had received a number of extensions to his improvement period for drug abuse treatment and, although he was still receiving treatment,

1

there were no other statutory improvement periods available and there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future. The circuit court found that based on these circumstances, termination of parental rights was in the child's best interests for permanency and stability. Petitioner now brings this appeal.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in terminating his parental rights because there were less drastic alternatives available. Petitioner asserts that the circuit court should have terminated only his custodial rights to B.W.

Upon our review of the record, we find no error in the circuit court's decision to terminate petitioner's parental rights to B.W. West Virginia Code § 49-6-5(b) provides a non-exclusive list of circumstances that a circuit court must consider when determining whether there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected. Included in this list are circumstances in which the subject parent has not responded to or followed through with a reasonable family case plan. The record shows that after this case proceeded for nearly two years, petitioner failed to fully benefit from his drug rehabilitation program, as illustrated by his return to drug abuse in the fall of 2013. This evidence supports the circuit court's findings and conclusions that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected and that termination is necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  September 22, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3